NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 1 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAMIKON MELIKSETYAN, | No. 12-71987 |
| Petitioner, | Agency No. A098-511-209 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015**

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Mamikon Meliksetyan, a native and citizen of Armenia, petitions for review

of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider

and motion to reopen removal proceedings.   Our jurisdiction is governed by 8

U.S.C. § 1252.   We review for abuse of discretion the BIA's denial of motions to

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

reopen and reconsider, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Meliksetyan's motion to reconsider, because Meliksetyan failed to identify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1). Further, we reject Meliksetyan's contentions that the BIA failed to adequately review the evidence, *see Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2009) (BIA adequately considered evidence and sufficiently announced its decision). We lack jurisdiction to consider Meliksetyan's contentions regarding the agency's adverse credibility determination, because he did not raise them to the agency in the motion to reconsider. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (no jurisdiction over legal claims not presented in administrative proceedings below).

Finally, the BIA did not abuse its discretion in denying Meliksetyan's fourth motion to reopen as untimely and number-barred because the motion was filed over five years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and he failed to establish materially changed circumstances in Armenia to qualify for the regulatory exception to the time limitations for motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2007) (BIA may

deny a motion to reopen for failure to establish materially changed country conditions).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.